UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

CASE NO. 3:06-cr-211(S1)-J-32HTS

v.

TONY HENDERSON

**UNITED STATES' RESPONSE IN OPPOSITION TO THE
DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits this response in opposition to the defendant's motion to suppress statements. Doc. # 75. For the following reasons, the motion should be denied.

**I. Overview**

On June 6, 2006, Drug Enforcement Administration (DEA) and other law enforcement agents arrested the defendant on a warrant issued upon a complaint for distributing marihuana. At the time that the defendant was arrested, he was transported to the DEA office where he was processed, fingerprinted and interviewed. After being advised of and waiving his Miranda rights, the defendant advised agents, in substance, of the following:[1]

    A.    that the defendant knew Pedro Fernandez de Campa (Fernandez) and considered him to be an "acquaintance" and not a friend;

    B.    that Fernandez and some other individuals performed work on the

---

[1] These statements are embodied in a report written by Drug Enforcement Administration (DEA) Special Agent (SA) Tino Rosales, which was provided to the defendant in a discovery letter dated July 25, 2006.

        defendant's roof;

C.     that law enforcement had on one occasion contacted the defendant about determining Fernandez's immigration status when law enforcement arrested Fernandez for a local crime;

D.     that the defendant did not run any queries to determine Fernandez's immigrations status;

E.     that the defendant determined that Fernandez was a United States' citizen;

F.     that the defendant denied distributing marihuana to Fernandez; and

G.     that the defendant agreed to cooperate with law enforcement in this investigation and was concerned about his "twenty two years" in law enforcement.

On August 22, 2007, the defendant provided its first discovery materials to the United States, in which the defendant advised that it may seek to introduce evidence that the defendant was involved in the cigar business. Some of these materials identified a brand of cigars that had a "goat" on its label.[2] As such, the United States anticipates that the defendant's cigar business may be a defense at trial

On August 24, 2007, the undersigned traveled to Miami, Florida, with SA Rosales in order to meet with trial witnesses. While on the plane to Miami, the undersigned discussed the discovery materials with SA Rosales, including the fact that some of the

---

[2] As mentioned in its responses to the defendant's motion to exclude co-conspirator statements and motion to exclude Federal Rule of Evidence 404(b) evidence, the United States believes that the defendant and others used the code word "goats" when talking about marihuana in this case.

2

cigars had a "goat" on its label. SA Rosales then explained that he believed that, during the defendant's post-arrest interview, the defendant's demeanor, desire to cooperate against other individuals, request for additional time to "do the right thing," and concern over his retirement were not statements consistent with someone who was selling cigars.

While speaking with SA Rosales about the defendant's post-arrest statement, the undersigned did not recall the exact information relayed to the undersigned on the airplane as being embodied in SA Rosales's report relative to the defendant's post-arrest statements. After getting off of the airplane, the undersigned, in an abundance of caution, immediately dictated the following letter which was sent via facsimile to counsel for the defendant later that day:[3] [4]

> Please be advised that, after your client was advised of his Miranda rights on the date he was arrested by the Drug Enforcement Administration, but before he invoked his Miranda rights, your client advised Special Agent Florentino Rosales, in substance and among other things, that he wanted to consider cooperating against other individuals. This occurred after he was confronted with some of the audio recordings in the case. Your client also advised Special Agent Rosales, in substance, that he wanted to do the right thing, but that he needed more time. Moreover, before your client invoked his Miranda rights, he asked SA Rosales, in substance, what was going to happen with regard to his retirement.

After receiving this letter, the defendant filed a motion to suppress the statements

---

[3] Further review of SA Rosales's report, as described above, does indicate that SA Rosales annotated, in substance, the defendant's desire to cooperate and concern over his retirement, that is, the defendant's twenty-two (22) years in law enforcement.

[4] The United States nevertheless intends to only offer the statements embodied in the August 24, 2007 discovery letter during the cross-examination of the defendant should he testify and/or in the United States' rebuttal case.

3

captured in this August 24, 2007 discovery letter.

### III. Memorandum

**A.     The defendant's arguments**

In his motion, the defendant seeks to suppress the statements described in the August 24, 2007 discovery letter because they were allegedly made during the course of Federal Rule of Criminal Procedure 11 plea negotiations.  Because these statements were made at the time of the defendant's arrest and <u>not</u> during the course of plea negotiations, the Court should deny the defendant's motion.

**B.     As a matter of law, the statements at issue were not made during Rule 11 negotiations.**

Rule 11 provides, in part, that: "[t]he admissibility or inadmissability of. . . a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Federal Rule of Evidence 410 provides, in part, that: "evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who. . . was a participant in the plea discussions. . . (3) <u>any statement made in the course of any proceedings under Rule 11 of the Federal Rules of Criminal Procedure</u> or comparable state procedure regarding either of the forgoing pleas; or (4) <u>any statement made in the course of plea discussions with an attorney for the prosecuting authority</u> which do not result in a plea of guilty or which result in a plea of guilty later withdrawn." <u>Id.</u> (emphasis added); <u>see</u> <u>also</u> <u>United States v. Stern,</u> 313 F.Supp.2d 155, 168 (S.D.N.Y. 2003)(the Second Circuit Court of Appeals has never found Rule 410 to exclude a defendant's post-arrest statement whose cooperation was solicited by the arresting officer). Because these statements were not made during Rule 11 proceedings and were not

4

made to or with any prosecuting attorney, the defendant's motion to suppress should be denied as a matter of law.

**C.     Assuming *arguendo* that this issue cannot be decided as a matter of law, the statements at issue were not in fact made during the course of plea negotiations.**

A defendant's statement is inadmissible as plea bargaining only if: (1) a defendant exhibited an actual subjective expectation to negotiate a plea at the time of the discussion; and (2) the expectation was reasonable under the totality of the circumstances. See United States v. Posey, 611 F.2d 1389, 1390 (11th Cir. 1980) citing United States v. Robertson, 582 F.2d 1356, 1366 (5th Cir. 1978).

Here, the United States anticipates that the evidence will demonstrate the following:

- that the defendant is a veteran federal law enforcement officer;

- that on the date of his arrest that the was transported to the DEA office where he was fingerprinted, processed and interviewed;

- that before the defendant was interviewed the defendant was advised of his constitutional rights, which included an admonition that his statements could be used against him;

- that the defendant made the statements at issue; and

- that at the time that he made the statements at issue he did not make those statements to a prosecuting attorney.

Such evidence will show that the statements at issue were the product of the defendant's arrest, were made after he was advised of his constitutional rights, and were not made during the course of protected plea negotiations. This same evidence will also show that, regardless of his subjective intent, the defendant's belief that he was negotiating the terms and conditions of a plea agreement was not reasonable under the

5

totality of the circumstances.

Moreover, the mere fact that SA Rosales and the defendant discussed cooperation at the time of the defendant's arrest does not convert the defendant's post-arrest statements into protected plea negotiations. See <u>United States v. Moyerhernandez,</u> 17 Fed. Appx. 62 (2nd Cir. 2001)(a defendant's post-arrest statement was admissible where agent had no express or implied authority to conduct plea negotiations even though agent solicited defendant's cooperation and received prosecutor's approval to continue to solicit defendant's cooperation); <u>United States v. Billingsley,</u> 160 F. 3d 502, 504-05 (8th Cir. 1998)(defendant's post-arrest statements to a co-conspirator during cooperation were admissible as voluntary statements); <u>Stern,</u> 313 F.Supp.2d at 168 (Rule 410 is inapplicable to exclude a defendant's post-arrest statement whose cooperation was solicited by the arresting officer).

WHEREFORE, the United States respectfully requests that the Court enter a order denying the defendant's motion to suppress. The United States further

respectfully suggests that no testimony on the motion is needed.

                                            Respectfully submitted,

                                            JAMES R. KLINDT
                                            Acting United States Attorney

By:   *s/ D. J. Pashayan*
        D. J. PASHAYAN
        Assistant United States Attorney
        USA No. 086
        300 North Hogan Street, Suite 700
        Jacksonville, Florida 32202
        (904) 301-6300

**U.S. v. Tony Henderson**                              Case No. 3:06-cr-211(S1)-J-32HTS

<h3 style="text-align:center;"><u>CERTIFICATE OF SERVICE</u></h3>

I hereby certify that on August 23, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Mark Rosenblum, Esq.

I hereby certify that on August 23, 2007, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participant(s):

    None.

    *s/ D. J. Pashayan*
    D. J. PASHAYAN
    Assistant United States Attorney