UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

CASE NO. 3:06-cr-211(S1)-J-32HTS

v.

TONY HENDERSON

**UNITED STATES' SUPPLEMENTAL NOTICE OF INTENT TO INTRODUCE EVIDENCE UNDER FED. R. EVID. 404(b)**

Pursuant to Rule 404(b), Federal Rules of Evidence, the United States hereby notifies the defendant of its intention to use the following evidence in its case-in-chief, during the cross-examination of the defendant should he testify, and/or in the United States' rebuttal case:[1]

---

[1] The United States was able to locate and interview the tradesmen described above after the original notice of intent to introduce evidence under Federal Rule of Evidence 404(b) was filed in this case. Nevertheless, the United States respectfully submits that defendant was provided with reasonable notice in advance of trial of the defendant's marihuana transactions, as described above, in its discussions with defense counsel, in its original notice of intent to introduce evidence under Federal Rule of Evidence 404(b), in its written response to the defendant's motion to exclude, and at the motions hearing in this case. See United States v. Gorman, 312- F.3d 1159, 1163 (10th Cir. 2002)(defendant had fair notice of government's intent to use evidence when government gave the defendant verbal notice of intent to use evidence, and the defendant's knowledge of the government's intent to use evidence was made manifest by the defendant's motion in limine to exclude such evidence); see also United States v. Watson, 409 F.3d 458, 466 (C.A. D.C. 2006)(notice of general nature is all that Rule 404(b) requires, and courts have routinely denied defendant's requests for more particular Rule 404(b) notice). Indeed, the defendant's own written motion to exclude pertains to evidence that the defendant distributed marihuana to people not named in the indictment and outside of the time scope of the conspiracy charged. Doc. # 77. The United States is nevertheless filing this supplemental notice out of an abundance of caution and would respectfully request that the Court enter an order prior to trial allowing the admission of this evidence.

Moreover, as mentioned at the motions hearing, the United States does not believe that is Rule 404(b) evidence, but rather admissible evidence "inextricably intertwined" with the offenses charged. See, e.g., United States v. Williford, 764 F.2d

In or about the summer of 2003, the defendant paid some tradesmen to work on the roof of his residence in Baker County, Florida. The defendant then approached one of the tradesmen (Tradesman-1) about obtaining some marihuana from the defendant. In discussing the marihuana with Tradesman-1, the defendant referred to marihuana using the code word "motors" or "engines." Tradesman-1 did not obtain marihuana from the defendant.

After the tradesmen performed work on the defendant's rood, the defendant maintained contact with another tradesman (Tradesman-2), who is a convicted felon and drug user. In or about November 2003, the defendant contacted Tradesman-2 and solicited Tradesman-2 to obtain marihuana from the defendant. As with Tradesman-1, the defendant referred to marihuana using the code word "motors" or "engines" with Tradesman-2. Shortly thereafter, the defendant provided Tradesman-2 with a small sample of marihuana that the defendant had available. After Tradesman-2 advised the defendant that Tradesman-2 could sell this marihuana, the defendant "fronted" approximately one pound of marihuana to Tradesman-2.[2] Tradesman-2 distributed this marihuana and later paid the defendant back approximately $900.00 for the pound. Later, in or about May

---

1493, 1499 (11th Cir. 1985) ("Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if . . . [it] forms an integral and natural part of an account of the crime, or is necessary to complete, the story of the crime for the jury).

In the event that the Court does not find this evidence to be "inextricably intertwined" with the offenses charged, it is nevertheless admissible as evidence of, among other things, the defendant's intent to distribute marihuana and knowledge of the marihuana involved in this case.

[2] "Fronting" means that the defendant provided the marihuana to Tradesman-2 on consignment and expected to be paid after Tradesman-2 sold the marihuana to someone else.

2004, the defendant "fronted" approximately five pounds of marihuana to Tradesman-2. Tradesman-2 distributed this marihuana to another tradesman (Tradesman-3) and advised Tradesman-3 that the defendant provided this marihuana to Tradesman-2.

Tradesman-2 and Tradesman-3 had difficulty in selling this marihuana because it was of poor quality. Because of this, Tradesman-2 did not pay the defendant back and moved out of the area. After Tradesman-2 left the area, the defendant approached Tradesman-1 and offered to pay Tradesman-1 money for Tradesman-2's new telephone number.

As mentioned in the original notice of intent to use other act evidence, these tradesmen did not perform a satisfactory job. The defendant then asked a long time acquaintance and illegal alien, Pedro Fernandez, if Fernandez and some of Fernandez's acquaintances could complete the defendant's roofing job. After Fernandez and his acquaintances completed this job, the defendant advised Fernandez, in substance, that the defendant could not pursue legal action against the tradesmen for their incomplete work because the defendant had distributed marihuana to one of the tradesmen and feared that this would be disclosed. The defendant then asked Fernandez if Fernandez knew any individuals who wanted to obtain marihuana and provided Fernandez with some samples of the marihuana that the defendant had available for distribution. Fernandez then spoke

with, among other people, the confidential source about purchasing some of the defendant's marihuana.

>
> Respectfully submitted,
>
> JAMES R. KLINDT
> Acting United States Attorney
>
> By: *s/ D. J. Pashayan*
> D. J. PASHAYAN
> Assistant United States Attorney
> USAO No. 086
> 300 North Hogan Street, Suite 700
> Jacksonville, Florida 32202-4270
> Telephone: (904) 301-6300
> Facsimile: (904) 301-6310
> E-mail: Don.Pashayan@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following:

Mark Rosenblum, Esq.

I HEREBY CERTIFY that on 17th day of September, 2007, a true and correct copy of the foregoing document and the notice of electronic filing was sent via facsimile to the following non-CM/ECF participants:

None.

*s/ D. J. Pashayan*  
D. J. PASHAYAN  
Assistant United States Attorney  
USAO No. 086  
300 North Hogan Street, Suite 700  
Jacksonville, Florida  32202-4270  
Telephone:  (904) 301-6300  
Facsimile:  (904) 301-6310  
E-mail:  Don.Pashayan@usdoj.gov