UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.  CASE NO.: 3:06-cr-211(S2)-J-32HTS

**TONY HENDERSON**

### DEFENDANT HENDERSON'S MOTION TO DISMISS COUNTS ONE, TWO AND THREE OF SECOND SUPERSEDING INDICTMENT BECAUSE OF PRE-INDICTMENT DELAY

The defendant, Tony Henderson, by his counsel, pursuant to the Due Process Clause of the Fifth Amendment, moves for dismissal of Counts One, Two, and Three of the Second Superseding Indictment because of pre-indictment delay. In support of this motion, the Court is requested to consider the following:

### Background

Tony Henderson was initially indicted in this case on July 12, 2006. The Indictment consisted of seven counts, plus a forfeiture count. Count One charged Henderson with distributing marijuana on December 10, 2005. Counts Two through Five charged him with using the telephone at various times on December 10, 2005 to facilitate the marijuana transaction alleged in Count One. Counts Six and Seven alleged that he used the telephone on January 12, 2006 and January 26, 2006, respectively, to discuss the distribution of a quantity of marijuana.

A Superseding Indictment was returned against Henderson on October 26, 2006.

Count One of the Superseding Indictment charged Henderson with conspiring with other unnamed people to distribute marijuana, from the summer of 2004 to January 26, 2006. Each count of the original Indictment was pushed back one, so the original Count One was now Count Two, right through to the original Count Seven now being Count Eight.

A Second Superseding Indictment – the one we are currently operating under – was returned on September 20, 2007, fourteen months after the return of the original Indictment and eleven months after the Superseding Indictment was returned. Count One of the Second Superseding Indictment charges Henderson with an entirely different conspiracy than the one charged in Count One of the Superseding Indictment. This conspiracy – also alleging that Henderson conspired to distribute marijuana with unnamed people – claims that he did so between November, 2003 and May, 2004. Counts Two and Three of the Second Superseding Indictment charge Henderson with distributing marijuana in December, 2003 and May, 2004, respectively.[1] The original conspiracy count contained in Count One of the Superseding Indictment is Count Four of the Second Superseding Indictment. The rest of the counts follow sequentially in the order they were laid out in the Superseding Indictment, so the total number of counts in the Second Superseding Indictment is eleven.

## Relief Requested

By this motion, the Court is asked to order that Counts One, Two, and Three of the Second Superseding Indictment be dismissed.

---

[1] Although the Second Superseding Indictment, like its predecessors, provides few details, it is surmised that Counts Two and Three are related to the conspiracy charged in Count One.

**The Law Applicable to Pre-Indictment Delay**

The statute of limitations for the crimes charged in the Second Superseding Indictment is five years. There are circumstances, however, under which a defendant's due process rights under the Fifth Amendment are violated because of too long a period between the alleged crime and the return of an indictment, even though the statute of limitations has not run. *See generally United States v. Marion,* 404 U.S. 307, 323-327 (1971) and *United States v. Lovasco,* 431 U.S. 783, 788-791 (1977). Dismissal is appropriate where the pre-indictment delay causes the defendant "actual substantial prejudice and . . . the delay was the product of a deliberate act by the government designed to gain a tactical advantage." *United States v. Foxman,* 87 F.3d 1220, 1222 (11th Cir. 1996).

*The Actual Substantial Prejudice*

According to the provided discovery, law enforcement, through its confidential informant, attempted to purchase marijuana from Henderson in December, 2004, but the attempt failed. When the confidential informant and Pedro Fernandez de Campa traveled to Henderson's house in December, 2004, he was not home; no further attempt to purchase marijuana from him was made for a full year.

In December, 2005, the government claims to have purchased marijuana from Henderson, through the confidential informant. Other than two calls the confidential informant placed to Henderson in January, 2006 that did not result in a marijuana transaction, six months went by without incident, before Henderson was arrested in June, 2006. Now

3

fourteen months after the original Indictment was returned, Henderson is required to defend charges that are alleged to have occurred three to four years ago. While it is true that Henderson cannot point to any tangible evidence that has been destroyed as a result of the delay, or any witnesses who have died, there is actual substantial prejudice inherent in the bringing of such stale charges these several years after the events are alleged to have occurred.

### *The Deliberate Act by the Government*

Pedro Fernandez de Campa has been cooperating with the government since his arrest in June, 2006. It is presumed that Fernandez de Campa provided a full proffer, including his knowledge about the events that lead to the charges contained in Counts One, Two, and Three of the Second Superseding Indictment. The government could have brought those charges at the time of the original Indictment, but chose not to do so, presumably to gain a tactical advantage if Henderson maintained his plea of not guilty and insisted on a trial.

### Conclusion

The pre-indictment delay is causing Henderson actual substantial prejudice because of having to defend against such stale charges. The delay was the product of a deliberate act by the government designed to gain a tactical advantage. The Court is urged to dismiss Counts One, Two, and Three of the Second Superseding Indictment.

Respectfully submitted,

MARK J. ROSENBLUM, P.A.


s/*Mark J. Rosenblum*
Mark J. Rosenblum
Florida Bar No. 289175
500 North Ocean Street
Jacksonville, Florida 32202
Telephone: 904.354.6002
Facsimile: 904.354.6637
markrosenblumlaw@bellsouth.net
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

D. J. Pashayan, Esq.
Assistant United States Attorney

s/*Mark J. Rosenblum*