UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 3:06-cr-211(S2)-J-32HTS

TONY HENDERSON

**DEFENDANT HENDERSON'S MOTION TO SEVER
COUNTS ONE, TWO, AND THREE FROM COUNTS FOUR
FIVE, SIX, SEVEN, EIGHT, NINE, TEN, AND ELEVEN
IN THE SECOND SUPERSEDING INDICTMENT**

The defendant, Tony Henderson, by his counsel, pursuant to Rules 8(a) and 14(a) of the Federal Rules of Criminal Procedure, moves for severance of Counts One, Two, and Three from Counts Four, Five, Six, Seven, Eight, Nine, Ten, and Eleven in the Second Superseding Indictment. The following is submitted in support of Henderson's request.

## Background

Tony Henderson was initially indicted in this case on July 12, 2006. The Indictment consisted of seven counts, plus a forfeiture count. Count One charged Henderson with distributing marijuana on December 10, 2005. Counts Two through Five charged him with using the telephone at various times on December 10, 2005 to facilitate the marijuana transaction alleged in Count One. Counts Six and Seven alleged that he used the telephone on January 12, 2006 and January 26, 2006, respectively, to discuss the distribution of a quantity of marijuana.

A Superseding Indictment was returned against Henderson on October 26, 2006.

Count One of the Superseding Indictment charged Henderson with conspiring with other unnamed people to distribute marijuana, from the summer of 2004 to January 26, 2006. Each count of the original Indictment was pushed back one, so the original Count One was now Count Two, right through to the original Count Seven now being Count Eight.

A Second Superseding Indictment – the one we are currently operating under – was returned on September 20, 2007, fourteen months after the return of the original Indictment and eleven months after the Superseding Indictment was returned. Count One of the Second Superseding Indictment charges Henderson with an entirely different conspiracy than the one charged in Count One of the Superseding Indictment. This conspiracy – also alleging that Henderson conspired to distribute marijuana with unnamed people – claims that he did so between November, 2003 and May, 2004. Counts Two and Three of the Second Superseding Indictment charge Henderson with distributing marijuana in December, 2003 and May, 2004, respectively.[1] The original conspiracy count contained in Count One of the Superseding Indictment is Count Four of the Second Superseding Indictment. The rest of the counts follow sequentially in the order they were laid out in the Superseding Indictment, so the total number of counts in the Second Superseding Indictment is eleven.

**Relief Requested**

By this motion, Henderson seeks severance of Counts One through Three from Counts Four through Eleven of the Second Superseding Indictment.

---

[1] Although the Second Superseding Indictment, like its predecessors, provides few details, it is surmised that Counts Two and Three are related to the conspiracy charged in Count One.

2

## Memorandum of Law

Two related Federal Rules of Criminal Procedure, Rule 8(a) and Rule 14(a), speak to the situation presented:

> **Rule 8(a). Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> **Rule 14(a). Relief from Prejudicial Joinder.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

As can be seen, Rule 8(a) allows joinder of offenses of similar character. *See United States v. Walser,* 3 F.3d 380 (11th Cir. 1993); *United States v. Kopituk,* 690 F.2d 1289 (11th Cir. 1982). Similar character means "[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness." *United States v. Werner,* 620 F.2d 922, 926 (2d Cir. 1980) (quoting Webster's New International Dictionary (2d ed.)). It does not, however, mean two totally separate conspiracies, involving different sets of witnesses and occurring at different times.

Based on the proffer provided by the government at a prior hearing, Counts One, Two, and Three revolve around a claim that Henderson sold some marijuana to "tradesmen" in 2003 and 2004. Counts Four through Eleven relate to an allegation that he sold marijuana to a confidential informant, through a go-between named Pedro Fernandez de Campa, in

3

December, 2005. The only similarity between the two sets of charges is that they both involve the sale of marijuana. Based on this, and this alone, Counts One, Two, and Three are improperly joined with the remaining counts in the Second Superseding Indictment under Rule 8(a).

Even if the Court disagrees, there remains the matter of prejudicial joinder addressed by Rule 14. The prejudice to Henderson is plain – either set of charges on their own may not be enough, but the combination of testimony relating to each of the transactions may have the effect of bolstering the evidence in such a way that the scale is tipped, thus causing a conviction that might not otherwise occur. Of course, that is exactly the desired effect the government seeks, but Rule 14 allows the Court to provide the relief "that justice requires." Justice requires a severance of Counts One through Three from Counts Four through Eleven.

    Respectfully submitted,

    MARK J. ROSENBLUM, P.A.

    s/*Mark J. Rosenblum*
    Mark J. Rosenblum
    Florida Bar No. 289175
    500 North Ocean Street
    Jacksonville, Florida 32202
    Telephone: 904.354.6002
    Facsimile: 904.354.6637
    markrosenblumlaw@bellsouth.net
    Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    D. J. Pashayan, Esq.
    Assistant United States Attorney

                                         s/*Mark J. Rosenblum*