UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:06-cr-211(S2)-J-32HTS

TONY HENDERSON
 a/k/a Hollywood
_____

# GOVERNMENT'S PROPOSED
# VOIR DIRE EXAMINATION QUESTIONS

**I.  OUTLINE OF INDICTMENT**

Let me begin by saying a few words about the nature of this case. The indictment in this case charges the defendant, TONY HENDERSON, a/k/a Hollywood, with eleven offenses or violations.

In summary, Count One of the Superseding Indictment charges the defendant, between in or about late November 2003 through in or about May 2004, with conspiracy to distribute marihuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D).

Count Two of the Superseding Indictment charges the defendant, in or about December 2003, with the distribution of marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

Count Three of the Superseding Indictment charges the defendant, in or about May 2004, with the distribution of marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

Count Four of the Superseding Indictment charges the defendant, between in or

about the summer of 2004 through in or about January 2006, with conspiracy to distribute marihuana, in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(D).

Count Five of the Superseding Indictment charges the defendant, on or about December 10, 2005, with the distribution of marihuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

Count Six through Count Nine of the Superseding Indictment charge the defendant with using a communication facility, that is, a telephone, to facilitate the commission of the felony charged in Count Four of this Indictment, in that it is alleged that defendant used a telephone to discuss in substance a quantity of marihuana and the payment of money therefor, in violation of Title 21, United States Code, Section 843(b).

Count Ten and Count Eleven of the Superseding Indictment charge the defendant with using a communication facility, that is, a telephone, to facilitate the distribution of a controlled substance, in that the defendant used a telephone to discuss in substance the distribution of a quantity of marihuana, in violation of Title 21, United States Code, Section 843(b).

## II. PARTIES AND WITNESSES

1. [Court will at this time introduce defendant, counsel, and case agent; or direct respective counsel to do so.]

2. Do any of you know the defendant?

3. Do any of you know the attorney for the defendant?

4. Do any of you know the attorneys for the United States of America?

2

5. I will read [or have the attorneys read] the names of persons who may appear as witnesses. Please advise me, after their names have been read, whether you know them or have any acquaintance with them. [Counsel or Court read witness lists.

### III. CONFLICTS WITH SERVICE - NATURE OF CASE

1. It is anticipated that this trial will be concluded in about five days. Would it be too inconvenient for any of you, because of your job or other personal reasons, to serve on this jury and to concentrate on the trial and its proceedings with your full attention and render a fair and impartial verdict?

2. Is there anything about the nature of the charges or the type of offenses with which the defendant is charged that would in any way affect your ability to sit as a fair and impartial juror?

### IV. PUBLICITY  [Should the Court determine that such questions are needed.]

#### A. Introductory Remarks to Request Judge to Make

This case may have, in the past, been the subject of stories and coverage in newspapers, television and radio. Some of you may have read or heard about this case or about the defendant. I am going to question you individually out of the presence of other prospective jurors about what, if anything, you have read or heard about <u>this</u> case, and I will then question each of you further in order to decide if you can be qualified to serve on this jury despite what you have heard or read. But first I will make some comments so you can understand that simply because you may have read or heard about this case does not mean that you cannot serve on this jury.

Neither I nor the United States nor the defendant is entitled to a jury

composed of 12 citizens who have never heard of anything connected with this case. Instead, we want a jury where each juror is able to put aside anything he or she may have read or heard and any opinion he or she may have formed based thereon, and decide the defendant's guilt or innocence based solely on the evidence you hear in court, and in accordance with the instructions that I give you. I want to be sure that you can decide this case based solely on what you hear in this courtroom.

I will ask a general question, which may be followed by individual questions, to determine which of you can put aside any impression or opinion you may have formed from what you may have heard or read, in the event you have heard or read anything about this case, and can listen to the evidence with an open mind, in order to insure that we select an impartial jury. I, therefore, ask you to consider very carefully and seriously the questions I will ask each of you individually, in the event I need to do so, in order that we can select a jury without any bias to the United States or the defendant.

Without commenting, and by just raising your hand, have any of you learned anything, either recently or in the past, about this case from the news media?

### B. Questions to Each Prospective Juror in Private

(For those who raised their hands)

1. Have you seen or heard anything about this case or the defendant on television? (Specify if yes.)

2. Have your heard anything about this case or the defendant over the radio? (Specify if yes.)

3. Have you read anything about this case or the defendant in

newspapers, books or magazines? (Specify if yes.)

    4.    Have you discussed this case or the defendant with anyone or has anyone discussed the case or the defendant in your presence? (Specify if yes.)

    5.    When is the last time that you heard or read anything about this case?

    6.    Do you have any personal knowledge of the facts of this case separate from any information you may have heard from television or radio, or read in newspapers, books or magazines?

    7.    From what you have read or heard about this case from any source, have you formed or expressed any opinion as to the guilt or innocence of the defendant?

    8.    Do you believe that you can put aside this opinion and decide the case based on the evidence you hear in court, and in accordance with my instructions?

**V.  GENERAL QUESTIONS TO PANEL**

    1.    Have any of you ever served on a jury before?

        (a)    Federal Court:
                (1) Civil
                (2) Criminal

        (b)    State Court:
                (1) Civil
                (2) Criminal

    2.    Without stating the result, were you able to reach a verdict in the case?

    3.    Has anything ever happened to you while serving as a juror prior to this case that would make it difficult for you now to serve as a fair and impartial juror?

    4.    Have any of you ever appeared before a Grand Jury yourself personally

as a witness and given testimony? Have any of you ever served as a member of a Grand Jury? If so, how many times?

5. Have any of you ever appeared in Court yourself personally either as a witness in a case or as a party in a lawsuit?

6. Have any of you ever had any claim or lawsuit or any other type of litigation against or with the United States or one of its agencies? I am speaking now of a lawsuit or some type of administrative proceeding. The agency could be the Internal Revenue Service, the Civil Service Commission, the Federal Housing Administration, the Social Security Administration, and so forth. If so, please explain.

7. Are any of you suffering from a physical disability, especially one involving hearing, which would make it difficult for you to serve as an alert juror during the trial of this case?

8. Have any of you ever been the victim of a crime?

9. Have any of you ever been accused of or charged with a criminal offense? If so, do you feel you were treated fairly? What was the charge?

10. Do you have any close friends or relatives who have been accused or charged with a criminal offense? If so, do you feel they were treated fairly? What was the charge?

11. Have any of you ever been questioned by a Federal, State, or local investigative officer? If so, please explain. Do you feel you were treated fairly?

12. This is, of course, a criminal case wherein the law sets forth certain punishments to be applied in the sole discretion of the Judge, within bounds as set forth by Congress. Are there any of you who, for religious, moral, ethical or philosophical

reasons, would simply rather not be called upon to decide the guilt or innocence of the accused?

13. The Court will give you instructions on the law at the conclusion of all the evidence and the argument of counsel as the law applies to the facts of this case. Will you abide by these instructions on the law and apply the law to the facts?

14. If one or more of the instructions on the law given to you by the Court are in conflict with your own personal beliefs, or if you disagree with any one of the Judge's instructions, will you still abide by the Court's instructions on the law and put your own personal beliefs aside?

15. In considering your verdict, do all of you realize that the term "reasonable doubt" which will be used during the course of this trial does not mean a speculative or fanciful doubt, and that the law does not require a person to be proved guilty to a mathematical certainty?

16. If the Government proves the defendant guilty beyond a reasonable doubt, would any of you hesitate to return a verdict of guilty as charged? On the other hand, should the Government fail to prove the defendant guilty beyond a reasonable doubt, would any of you hesitate to return a verdict of not guilty?

17. Do you conscientiously believe you can render a fair and impartial verdict free from any prejudice or bias for or against the Government or the defendant?

## VI.  ADDITIONAL QUESTIONS TO PANEL

1. Do any of you belong to an organization that advocates the legalization of any drug that is presently illegal?

2. Even if you do not belong to such an organization, do any of you believe

that drugs such as cocaine, crack cocaine, or marihuana should be legalized? If you do have that belief, would that affect your ability to follow the Court's instructions on the law and to decide the case fairly and impartially based on that law, even if that conflicts with your personal belief?

    3.     Have you ever used any illegal drugs, including marihuana?

    4.     Do any of you have friends or relatives who use illegal drugs? If so, would this cause you any difficulty in the deliberation of this case?

    5.     Have you ever been present when another individual used any illegal drugs?

    6.     The government expects to call as witnesses in this case persons with whom the government has entered into plea agreements providing for a possibility of a lesser or reduced sentence than the witness would otherwise have been exposed. Such plea bargaining is permissible under the rules of this Court. Do any of you have such strong feelings against plea bargaining that you would refuse to consider the testimony of witnesses who have entered into plea agreements; or would refuse to be fair and impartial in this case?

                             Respectfully submitted,

                               ROBERT E. O'NEILL
                             United States Attorney

By:    */s/ D. J. PASHAYAN*
        D. J. PASHAYAN
        Assistant United States Attorney
        USAO No. 086
        300 North Hogan Street, Suite 700
        Jacksonville, Florida 32202-4270
        Telephone: (904) 301-6300
        Facsimile:  (904) 301-6310
        E-mail:      Don.Pashayan@usdoj.gov

**U.S. v. TONY HENDERSON**            **CASE NO. 3:06-cr-211(S2)-J-32HTS**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 26, 2007, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following:

Mark Rosenblum, Esq.

I HEREBY CERTIFY that on November 26, 2007, a true and correct copy of the foregoing document and the notice of electronic filing was sent by United States Mail to the following non-CM/ECF participants:

N/A

                                         *s/ D. J. PASHAYAN*
                                         D. J. PASHAYAN
                                         Assistant United States Attorney