UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:06-cr-211(S2)-J-32HTS

TONY HENDERSON

## <u>UNITED STATES' PROPOSED JURY INSTRUCTIONS</u>

The United States of America, by Robert O'Neill, Acting United States Attorney

for the Middle District of Florida, requests that the following jury instructions be given

during the Court's charge at the end of the trial in this case.

| <u>Government No.</u> | <u>Instruction No.</u> | <u>Description</u> |
|---|---|---|
| 1. | Basic No. 2.1 | Duty to Follow Instructions/Presumption of Innocence |
| 2. | Basic No. 3 | Definition of Reasonable Doubt |
| 3. | Basic No. 4.2 | Consideration of the Evidence |
| 4. | Basic No. 5 | Credibility of Witnesses |
| 5. | Spec. No. 1.1, 1.2, 1.3 (Modified) | Accomplice-Informer-Immunity-Co-Defendant-Plea Agreement-Addictive Drugs |
| 6. | Basic No. 6.5 | Impeachment-Inconsistent Statement and Felony Conviction (Defendant testifies with no felony conviction) |
| 7. | Basic No. 7 | Expert Witness Testimony |
| 8. | Basic No. 8 (Modified) | Introduction to Offense Instruction |
| 9. | Offense 87 (Modified) | Drug Conspiracy 21 U.S.C. § 846 |

| 10. | Offense 85 (Modified) | Distribution (21 U.S.C. § 841(a)(1)) |
| --- | --- | --- |
| 11. | Offense 86 (Modified) | Unlawful Use of a Communication Facility (21 U.S.C. § 843(b)) |
| 12. | Special No. 4 | Fed. R. Evid. Rule 404(b) |
| 13. | Special No. 2.1 | Confession-Statement (Single Defendant) |
| 14. | MDFL | Basic Witness |
| 15. | Basic No. 9.1 | On or About - - Knowingly - - Willfully |
| 16. | Basic MDFL | Conjunctive Charge |
| 17. | Basic No. 10.2 | Caution - - Punishment |
| 18. | Basic No. 11 | Duty to Deliberate |
| 19. | Basic No. 12 | Verdict |
| 20. | Trial 2.1 | Instructions Before Opening Statements (Short Form) |

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

By:     *s/ D. J. Pashayan*
        D.J. PASHAYAN
        Assistant United States Attorney
        USA 086
        300 North Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone:   904-301-6300
        Facsimile:   904-301-6310
        E-mail:      Don.Pashayan@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 27, 2007, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Mark Rosenblum, Esq.


s/ *D. J. Pashayan*
D.J. PASHAYAN
Assistant United States Attorney
USA No. 086
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   904-301-6300
Facsimile:   904-301-6310
E-mail:       Don.Pashayan@usdoj.gov

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

# GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1

## 2.1
## Duty To Follow Instructions
## Presumption Of Innocence

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

**3**
**Definition Of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning a Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that a Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**4.2**
**Consideration Of The Evidence**
**Direct And Circumstantial**
**Argument Of Counsel**
**Comments By The Court**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove,

or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4**

**5**
**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

# GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5

## 1.1, 1.2, 1.3
## Modified

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, [or witness who has been promised that he or she will not be charged or prosecuted], or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the government.

Additionally, a witness who was using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time.

So, while a witness of these kinds may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Also, in this case, the Government called as one of its witnesses a person named as a co-defendant, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to.  Such plea bargaining, as it's

called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who hopes to gain more favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

**6.5**
**Impeachment**
**Inconsistent Statement And Felony Conviction**
**(Defendant Testifies With No Felony Conviction)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, [or a crime involving dishonesty or false statement], is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

**7**
**Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**8**
**Introduction to Offense Instructions**
**(In Conspiracy Cases)**
**Modified**

At this time I will explain the indictment which charges two separate

offenses called "counts."  I will not read it to you at length because you will

be given a copy of the indictment for reference during your deliberations.

In summary, Count One charges that the Defendant knowingly,

willfully, and intentionally conspired with others to distribute marihuana,

between in or about late November 2003 through in or about May 2004, in

Baker and Columbia counties, in the Middle District of Florida.

Counts Two and Three charge the commission of what are referred

to as substantive offenses, namely that; (1) Count Two - in or about

December 2003, in Baker County, Florida, the Defendant knowingly,

willfully and intentionally distributed marihuana; (2) Count Three - in or

about May 2004, in Columbia County, Florida, the Defendant knowingly,

willfully and intentionally distributed marihuana.

Count Four charges that the Defendant knowingly, willfully, and

intentionally conspired with others to distribute marihuana, between in or

about the summer of 2004 through in or about January 2006, in Baker and

Columbia counties, in the Middle District of Florida.

Counts Five through Eleven also charge the commission of substantive offenses, namely that, (1) Count Five - on or about December 10, 2005, in Baker County, Florida, the Defendant knowingly, willfully and intentionally distributed marihuana; (2) Count Six through Nine - on or about December 10, 2005, the Defendant used a telephone to facilitate the commission of Count Four; (3) Count Ten - on or about January 12, 2006, the Defendant used a telephone to discuss the distribution of a quantity of marihuana; and (4)  Count Eleven - on or about January 26, 2006, the Defendant used a telephone to discuss the distribution of a quantity of marihuana.

First, however, as to Counts One and Four, you will note that the Defendant is not charged in those Counts with committing a substantive offense; rather, the Defendant is charged with having conspired to do so.

**87**

**Controlled Substances**
**(Conspiracy)**
**21 USC § 846**
**Modified**

Title 21, United States Code, Section 846 makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841(a)(1).  Section 841(a)(1) makes it a crime for anyone to knowingly distribute marihuana.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is <u>not</u> necessary for the Government to prove that those who <u>were</u> members of the scheme had entered into any formal type of agreement.  Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

First:        That the Defendant in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

Second:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

Third:      That the object of the unlawful plan was to distribute marihuana, as charged in Count One and/or Count Four.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan (including the nature and anticipated weight of the substance involved) and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and

interests, does not, standing alone, establish proof of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

**85**

**Controlled Substances
(Distribution of a Controlled Substance)
21 U.S.C. § 841(a)(1)
Modified**

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

Marihuana, is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of the Counts in which he is respectively named in Counts Two, Three and Five, which charge distribution of marihuana, only if all of the following facts are proved beyond a reasonable doubt for each count:

First:     That the Defendant distributed marihuana as charged in Counts Two, Three, and Five; and

Second:     That the Defendant did so knowingly and willfully.

To "distribute" simply means to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

**86**

**Controlled Substances
(Unlawful Use Of Communications Facility)
21 USC § 843(b)
Modified**

Title 21, United States Code, Section 843(b), makes it a separate Federal crime or offense for anyone to knowingly use a communication facility in committing, or "facilitating" the commission of, another offense in violation of Section 846 such as the crime charged in Count Four, or in committing or facilitating the distribution of a controlled substance as charged in Count Ten and Eleven.

The Defendant can be found guilty of the offense of unlawful use of a communication facility as charged in Counts Six through Eleven only if all of the following facts are proved beyond a reasonable doubt:

First:     That the Defendant used a
          "communication facility," as charged;

Second:   That the Defendant used the
          communication facility while in the
          process of committing, or to "facilitate"
          the commission of, the offense charged
          in Count Four of the indictment, and/or
          to facilitate the distribution of marihuana,
          as charged in Counts Ten and Eleven;
          and

     <u>Third</u>:       That the Defendant acted knowingly and
                    willfully.

The term "communication facility" includes all mail, telephone, wire, radio, and computer-based communication systems.

To "facilitate" the commission of a crime merely means to use a communication facility in a way which aids or assists the commission of the crime.  The Government does not have to prove, however, that the other crime - - the facilitated offense - - was successfully carried out or completed.

## ANNOTATIONS AND COMMENTS

21 USC § 843(b) provides:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter.

Maximum Penalty:   Four (4) years imprisonment and $30,000 fine.  § 843(c).

"Each separate use of a communication facility shall be a separate offense under this subsection."  § 843(b)

"Communication facility" means "any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio and all other means of communication."  § 843(b). In addition to wire-based e-mail (<u>e.g.</u> on the Internet), computers can now communicate via microwave, FM-frequency, infrared and by other non-wire based media.  The statute, however, contemplates "**<u>any and all</u>**" forms of communication facilities.

**4**
**Similar Acts Evidence**
**(Rule 404(b), FRE)**

During the course of the trial, as you know from the instructions I gave you then, you heard evidence of acts of the Defendant which may be similar to those charged in the indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if the Defendant committed the acts charged in the indictment. However, you may consider this evidence for other, very limited, purposes.

If you find beyond a reasonable doubt from other evidence in this case that the Defendant did commit the acts charged in the indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine

[whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment]

or

[whether the Defendant acted according to a plan or in preparation for commission of a crime]

or

[whether the Defendant committed the acts for which the Defendant is on trial by accident or mistake].

**ANNOTATIONS AND COMMENTS**

Rule 404. [FRE]  Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes

* * * * *

(b) Other crimes, wrongs, or acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) (en banc) cert. denied, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979), discusses at length the tests to be applied in admitting or excluding evidence under Rule 404(b); and, more specifically, the different standards that apply depending upon the purpose of the evidence, i.e., to show intent versus identity, for example.  See note 15 at pages 911-912.  Beechum also approves a limiting instruction similar to this one.  See note 23 at pages 917-918.

Both the Supreme Court and the Eleventh Circuit have expressly endorsed the Beechum test.  Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988); United States v. Miller, 959 F.2d 1535 (11th Cir. 1992) (en banc), cert. denied, 506 U.S. 942, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992).

**2.1**
**Confession - - Statement**
**(Single Defendant)**


When the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such a statement with caution and great care.

It is for you to decide (1) whether the Defendant made the statement and (2) if so, how much weight to give to it. In making these decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

**ANNOTATIONS AND COMMENTS**

United States v. Clemons, 32 F.3d 1504, 1510 (11th Cir. 1994), cert. denied, 115 S.Ct. 1801, 131 L.Ed.2d 728 (1995) approved similar instruction.

**Middle District of Florida**
**Basic**
**Witnesses**

The law does not require the prosecution to call as witnesses all

persons who may have been present at any time or place involved in the

case, or who may appear to have some knowledge of the matter in issue at

this trial.  Nor does the law require the prosecution to produce as exhibits

all papers and things mentioned in the evidence.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15**

**9.1**
**On Or About - - Knowingly - - Willfully**

You will note that the Superseding Indictment charges that the offenses were committed "on or about" certain dates. The Government does not have to prove with certainty the exact dates of the alleged offenses. It is sufficient if the Government proves beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the Superseding Indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the Superseding Indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16**

**Middle District of Florida**
**Basic**
**Conjunctive Charge**

In these charges, the Court has reviewed the pertinent parts of federal and state statutes (or laws) which are alleged to have been violated.  Where a statute specifies several alternative ways in which an offense may be committed, the indictment may allege the several ways in the conjunctive, that is, by using the word "and;" therefore, if only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as the jury agrees unanimously as to at least one of the alternatives.

**ANNOTATIONS AND COMMENTS**

United States v. Griffin, 705 F.2d 434, 436 (11th Cir. 1983); United States v. Haymes, 610 F.2d 309, 310-11 (5th Cir. 1980); United States v. Gunter, 546 F.2d 861, 868-69 (10th Cir. 1976), cert. denied, 430 U.S. 947 (1977).

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 17**

**10.2**
**Caution - - Punishment**
**(Single Defendant - - Multiple Counts)**


A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

**ANNOTATIONS AND COMMENTS**

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted.  This may occur, for example, in prosecutions under 18 USC § 1962 (RICO offenses) or 21 USC § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

**11**
**Duty To Deliberate**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**12**
**Verdict**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.


[Explain verdict]


You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## GOVERNMENT'S REQUESTED PRELIMINARY INSTRUCTION 20

**2.1**
**Preliminary Instructions Before**
**Opening Statements (Short Form)**

Members of the Jury:

You have now been sworn as the jury to try this case. By your verdict(s) you will decide the disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate together and decide the case at the end of the trial, I will instruct you on the rules of law that you must follow and apply in reaching your decision.

Because you will be called upon to decide the facts of the case, you should give careful attention to the testimony and evidence presented for your consideration during the trial, but you should keep an open mind and should not form or state any opinion about the case one way or the other until you have heard all of the evidence and have had the benefit of the closing arguments of the lawyers as well as my instructions to you on the applicable law.

During the trial you must not discuss the case in any manner among

yourselves or with anyone else, and you must not permit anyone to attempt to discuss it with you or in your presence; and, insofar as the lawyers are concerned, as well as others whom you may come to recognize as having some connection with the case, you are instructed that, in order to avoid even the appearance of impropriety, you should have no conversation whatever with those persons while you are serving on the jury.

You must also avoid reading any newspaper articles that might be published about the case now that the trial has begun, and you must also avoid listening to or observing any broadcast news program on either television or radio because of the possibility that some mention might be made of the case during such a broadcast now that the trial is in progress.

The reason for these cautions, of course, lies in the fact that it will be your duty to decide this case only on the basis of the testimony and evidence presented during the trial without consideration of any other matters whatever.

From time to time during the trial I may be called upon to make rulings of law on motions or objections made by the lawyers. You should not infer or conclude from any ruling I may make that I have any opinions on the merits of the case favoring one side or the other. And if I sustain an

objection to a question that goes unanswered by the witness, you should not speculate on what answer might have been given, nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing concerning questions of law or procedure that require consideration by the Court alone. On some occasions you may be excused from the courtroom as a convenience to you and to us while I discuss such matters with the lawyers. I will try to limit such interruptions as much as possible, but you should remember at all times the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

In that regard, as you were told during the process of your selection, we expect the case to last two or three days, but I will make every effort to expedite the trial whenever possible. Now, we will begin by affording the lawyers for each side an opportunity to make opening statements to you in which they may explain the issues in the case and summarize the facts they expect the evidence will show. After all the testimony and evidence has been presented, the lawyers will then be given another opportunity to address you at the end of the trial and make their summations or final

arguments in the case. The statements that the lawyers make now, as well as the arguments they present at the end of the trial, are not to be considered by you either as evidence in the case (which comes only from the witnesses and exhibits) or as your instruction on the law (which will come only from me). Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for the purpose of making an opening statement.