UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   Case No. 3:06-cr-211(S2)-J-32HTS

TONY HENDERSON
   a/k/a "Hollywood"

**MEMORANDUM OF UNITED STATES OF AMERICA
CONCERNING FORFEITURE SPECIAL VERDICT**

The United States of America, by and through the undersigned Assistant United States Attorney, submits this memorandum in conjunction with the proposed special verdict and forfeiture instructions.[1] In the event the defendant, Tony Henderson, is convicted of any of the Counts One through Five of the Second Superseding Indictment, and if the government or a defendant requests a jury determination on forfeiture pursuant to Rule 32.2(b)(4), Fed. R. Crim. P., this memorandum outlines the procedure the government proposes to take with regard to the special verdict on forfeiture.

Counts One and Four of the Second Superseding Indictment charge the defendant with conspiracy to distribute marihuana, a Schedule I controlled substance, the amount of the marihuana being less than 50 kilograms in violation of 21 U.S.C. § 846. Counts Two, Three and Five of the Second Superseding Indictment charge the defendant with knowingly, willfully and intentionally distributing marihuana, the amount

---

[1] "Subdivision (b)(4) addresses the right of either party to request that a jury make the determination of whether any property is subject to forfeiture. The provision gives the defendant, in all cases where a jury has returned a guilty verdict, the option of asking that the jury be retained to hear additional evidence regarding the forfeitability of the property." Fed. R. Crim. P. 32.2(b)(4), *Advisory Committee Notes,* 2000 Adoption (2003).

of marihuana being less than 50 kilograms, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).

## I. Applicable Statutes

Title 21, United States Code, Section 853(a)(2), provides, in pertinent part, that any person, convicted or a violation of Title 21 of the United States Code, punishable by imprisonment for more than one (1) year, shall forfeit to the United States:

> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation . . . .

## II. Forfeiture Proceeding

The plain language of the statutes contemplates that the Court make the ultimate determination on forfeiture. Rule 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture. In order to have a jury determination on property subject to forfeiture, following the entry of a guilty verdict, either the plaintiff or the defendant must request that the jury make such determination. The Rule further provides:

> Upon a party's request in a case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Fed. R. Crim. P. 32.2(b)(4).

If a jury verdict is requested by either party, it is the jury's function to decide whether the government has proved the elements necessary for the Court to declare the property forfeited. It is no longer necessary for the jury to determine the extent of

2

the defendant's interest in the property [2] — that issue is left for the ancillary proceedings. Fed. R. Crim. P. 32.2 (*Advisory Committee Notes*). It is the duty of the jury solely to determine whether the government has established the requisite *nexus* between the property alleged subject to forfeiture and the offense(s) for which the defendant was found guilty. There is no right to a jury determination on forfeiture where there is no jury determination on the guilt of the defendant.

Accordingly, it is logical that the jury must answer questions which will allow the court to make the appropriate finding. United States v. Amend, 791 F.2d 1120, 1128 (4th Cir.), cert. denied, 479 U.S. 930 (1986)(appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); United States v. L'Hoste, 609 F.2d 796, 813-14 (5th Cir.), cert. denied, 449 U.S. 833 (1980)(forfeiture order is mandatory once jury determines essential factual issues required for forfeiture). The government's proposed special verdict is in the form of interrogatories which will require the jury to determine the essential factual forfeiture issues and secure the information necessary for the court to enter a forfeiture order.

Under this approach, where the jury resolves the factual elements necessary for a forfeiture order to be entered but the court enters the order, the jury is not advised of the ramifications of its decision- -just as a jury is not advised of the ramifications of a

---

[2] "Since the enactment of the ancillary proceeding statutes, the requirement in Rule 31(e) that the court (or jury) determine the extent of the defendant's interest in the property as part of the criminal trial has become an unnecessary anachronism that leads more often than not to duplication and a waste of judicial resources." Fed. R. Crim. P. 32.2(b)(4) (*Advisory Committee Notes*).

verdict of guilt or innocence. Thus, the portion of the Second Superseding Indictment entitled "Forfeitures" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury until after the issue of innocence or guilt is decided. That portion of the Superseding Indictment entitled "Forfeitures" is merely the required statutory notice to the defendants that the government seeks to forfeit their property in accordance with the applicable statute. Fed. R. Crim. P. 32.2(a), *Advisory Committee Notes* (West 2003). Hence bifurcated proceedings are required.

### III. Bifurcation

At the forfeiture hearing following a conviction, both the defendant and the government have the opportunity to present evidence as to the forfeitability of the property. As explained in the *Advisory Committee Notes*:

> For example, if the defendant disputes the government's allegation that a parcel of real property is traceable to the offense, the defendant would have the right to request that the jury hear evidence on that issue, and return a special verdict, in a bifurcated proceeding that would occur after the jury returns the guilty verdict. The government would have the same option of requesting a special jury verdict on this issue, as is the case under current law.

Fed. R. Crim. P. 32.2(b) (*Advisory Committee Notes*).

### IV. Conclusion

In conclusion, should the defendant or the United States request a jury determination of the forfeiture, after conviction, pursuant to Rule 32.2(b)(4), the government requests that the Court:

(1) instruct the jury on the issue of forfeiture <u>after</u> the jury has returned a guilty verdict on any of the Counts One through Five of the Second Superseding Indictment;

4

(2) provide the jury with a special verdict form as proposed by the government;

(3) allow bifurcated argument on the forfeiture issue; and

(4) allow jury instructions regarding property subject to forfeiture and burden of proof.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

By: *s/ Bonnie A. Glober*
BONNIE A. GLOBER
Florida Bar No. 0748307
Assistant United States Attorney
United States Attorney's Office
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Fax: (904) 301-6310
E-mail: bonnie.glober@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Don J. Pashayan
don.pashayan@usdoj.gov,JAXDocket.Mailbox@usdoj.gov,
thomas.divita@usdoj.gov

Mark J. Rosenblum
markrosenblumlaw@bellsouth.net,nhamlin@bellsourth.net

By: *s/ Bonnie A. Glober*
BONNIE A. GLOBER
Florida Bar No. 0748307
Assistant United States Attorney
United States Attorney's Office
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Fax: (904) 301-6310
E-mail: bonnie.glober@usdoj.gov