UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:06-cr-211(S2)-J-32HTS

TONY HENDERSON
a/k/a Hollywood

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, TONY HENDERSON, a/k/a Hollywood, and the attorney for the defendant, Mark Rosenblum, Esq., mutually agree as follows:

A.  **Particularized Terms**

   1.  **Count(s) Pleading To**

   The defendant shall enter a plea of guilty to Count Five of the Superseding Indictment. Count Five charges the defendant with distributing marihuana, a Schedule I controlled substance, the amount of marihuana being less than 50 kilograms, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).

   2.  **Maximum Penalties**

   Count Five is punishable by up to five (5) years' imprisonment, a $250,000.00 fine, or both, a term of supervised release of at least two (2) years, and a special assessment of $100.00, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to

Defendant's Initials TH                    AF Approval BP

make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of the lesser included offense of Count Five are:

| | | |
|---|---|---|
| First: | | That the defendant distributed marihuana, a Schedule I controlled substance, as charged in the Superseding Indictment; and |
| Second | | That the defendant did so knowingly, willfully, and intentionally. |

4. **Counts Dismissed**

At the time of sentencing, the remaining counts against the defendant, Counts One, Two, Three, Four, Six, Seven, Eight, Nine, Ten and Eleven will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. **Acceptance of Responsibility - Two Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7. **Forfeiture**

The United States agrees not to pursue and will dismiss any motions related to the forfeiture identified in the Superseding Indictment to include the lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 6195 Oakdale Lane, Macclenny, Florida, 32063, titled in the names of Tony and Linda L. Henderson.

B. **Standard Terms and Conditions**

1. **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters

Defendant's Initials  TH                    3

a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. **Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees,

Defendant's Initials __TR__    4

and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. **Sentencing Recommendations**

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials  TH

5

5. **Defendant's Waiver of Right to Appeal and Right to Collaterally Challenge the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials  TH

6

7. **Filing of Agreement**

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

Defendant's Initials _TH_      7

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10. **Entire Agreement**

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials ___TH___                8

11. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 30 day of November, 2007.

ROBERT E. O'NEILL
United States Attorney

_____
TONY HENDERSON
Defendant

By: _____
D. J. PASHAYAN
Assistant United States Attorney

_____
MARK ROSENBLUM
Attorney for Defendant

_____
BRIAN M. KANE
Assistant United States Attorney
Chief, Jacksonville Division

Defendant's Initials  TH

9

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:06-cr-211(S2)-J-32HTS

TONY HENDERSON
a/k/a Hollywood

## PERSONALIZATION OF ELEMENTS

1. Do you admit that, on or about December 10, 2005, at Macclenny, in Baker County, in the Middle District of Florida, you distributed marihuana, a Schedule I controlled substance, the amount of marihuana being less than 50 kilograms, to Pedro Fernandez, as charged in the Superseding Indictment?

2. Do you admit that you did so knowingly, willfully and intentionally?

Defendant's Initials _TH_    10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:06-cr-211(S2)-J-32HTS

TONY HENDERSON
a/k/a Hollywood

## FACTUAL BASIS[1]

In or about the summer of 2004, Pedro Fernandez discussed helping an individual (the "cooperating source" or CS), who unbeknownst to Fernandez was cooperating with law enforcement, obtain marihuana from United States Border Patrol Agent Tony Henderson. As part of Fernandez's discussions with the CS, Fernandez advised the CS that Henderson had access to quantities of marihuana and that Fernandez could obtain marihuana for the CS from Henderson. The CS relayed this information to law enforcement.

As part of law enforcement's investigation, the CS, Fernandez and Henderson engaged in a series of consensual, recorded conversations during December 2005. During these conversations, Fernandez and Henderson arranged, in substance, for Fernandez to travel to Henderson's residence at Macclenny, in Baker County, Florida, on December 10, 2005, where Henderson would distribute marihuana to Fernandez, which was in turn intended for the CS.

---

[1] The factual basis is prepared by the United States and does not include all of the facts relevant to the defendant's involvement in the crime to which he is pleading guilty and other illegal activities in which he may have been involved.

Defendant's Initials TH

11

On December 10, 2005, at approximately 7:15 p.m, Fernandez and the CS arrived at Henderson's residence. Henderson and Fernandez then met outside the residence together, and Henderson distributed approximately three pounds of marihuana to Fernandez. This distribution was not part of Henderson's lawful duties with United States Border Patrol. Fernandez later provided this marihuana to the CS, and the CS then provided it to law enforcement agents working on the case. The Drug Enforcement Administration (DEA) laboratory later analyzed this marihuana and confirmed it to be 1313 grams (net weight) of marihuana.

As part of law enforcement's continuing investigation, DEA, Federal Bureau of Investigation (FBI), Florida Department of Law Enforcement (FDLE), Immigration and Customs Enforcement Office of the Inspector General, and Live Oak (Florida) Police Department agents and officers reviewed the audio recordings mentioned above and learned, among other things, that Henderson had distributed marihuana on other occasions. Further investigation revealed that, between in or about December 2003 and in or about May 2004, Henderson distributed approximately six pounds of marihuana to another person in Baker and Columbia counties.

Defendant's Initials  *TH*

12