UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO. 3:06-cr-211-J-32TEM

TONY HENDERSON

**GOVERNMENTS' RESPONSE TO DEFENDANT'S MOTION TO
RETURN/DISPOSITION OF PROPERTY**

Comes now the United States, by and through the undersigned Assistant United States Attorney, and in filing this response to the defendant's *pro se* "Motion to Return/Disposition of Property," states as follows:

**I. Facts**

1. On June 7, 2006, the defendant, Tony Henderson, was arrested as a result of a complaint issued in the Middle District of Florida, Jacksonville Division, charging him with distributing marihuana in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D). (Dkt. #1)

2. On June 7, 2006, Henderson appeared before Magistrate Judge Monte C. Richardson where, among other things, conditions of bond were set. One of the conditions of bond required Henderson "to surrender all law enforcement firearms and credentials to DEA or any other authorized federal agency." (Dkt. #8)

3. In addition to "law enforcement firearms", Henderson also surrendered approximately 18 personal firearms to the Federal Bureau of Investigation.

4. On July 12, 2006, October 26, 2006 and September 20, 2007, an indictment and superseding indictments were returned by federal grand juries charging

Henderson with various violations of Title 21, United States Code. (Dkt. #15, 34, 89)

5. On November 30, 2007, pursuant to a written plea agreement, Henderson entered a guilty plea to count five of the second superseding indictment. Count Five charged Henderson with distributing marihuana in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D). (Dkt. #128, 129)

6. On April 24, 2008, Henderson was sentenced to 6 month's imprisonment to be followed by 24 months of supervised release as a result of his felony conviction. One of the conditions of supervised release included, "that the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon." (Dkt. #146)

7. On June 11, 2010, Henderson completed his term of supervised release. (Dkt. #154)

8. On July 16, 2010, Henderson filed a motion pursuant to Fed. R. Crim. P. 41(g) for return of property, specifically the weapons surrendered to law enforcement in the summer of 2006. In his motion, Henderson has requested that the Court order the government to relinquish the firearms to Henderson's spouse, Linda Henderson, or to a third party purchaser with the proceeds to go to Henderson. (Dkt #155)

**II. Memorandum of Law**

District courts have equitable civil jurisdiction over Fed. R. Crim. P. 41(g) return of property motions. This is true even if the all of the criminal proceedings against a defendant have ended. United States v. Martinez, 241 F.3d 1329, 1330-31 (11th Cir. 2001).

In any Rule 41(g) hearing, the court must undertake a multi-step inquiry. First, the defendant must demonstrate that he or she has a possessory interest in the property in question. United States v. Howell, 425 F.3d 971, 974 (11th. Cir. 2005). Next the government may offer evidence that there is, "a legitimate reason to retain the property, does not possess the property, or that the property has been destroyed." United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001).

Henderson fails the first step. Although the government concedes that Henderson *had* a possessory interest in the firearms, his possessory interest ended upon his conviction on a felony drug charge on April 6, 2008. It is quite clear that convicted felons cannot possess firearms. Title 18, United States Code, Section 922(g). This also includes constructive possession, which would entail the defendant's spouse or a third party taking the weapons in exchange for cash to Henderson. As the Howell court stated:

> "Federal law prohibits convicted felons from possessing guns...[The defendant] is also not entitled to have the firearms held in trust for him by a third party. Such a request suggests constructive possession. Any firearm possession, actual or constructive, by a convicted felon is prohibited by law." Howell, 425 F.3d 977, quoting United States v. Felici 208 F.3d 667 (8th Cir. 2000).

### III. Conclusion

For the reasons stated herein, the motion is due to be denied.

                        Respectfully submitted,

                        A. BRIAN ALBRITTON
                        United States Attorney

By:   *s/ Russell C. Stoddard*
       RUSSELL C. STODDARD
       Assistant United States Attorney
       Florida Bar No. 0113735
       300 North Hogan Street, Suite 700
       Jacksonville, Florida 32202-4270
       Telephone: (904) 301-6300
       Facsimile: (904) 301-6310
       E-mail: russell.stoddard@usdoj.gov

U.S. v. Tony Henderson                                                    Case No.3:06-cr-211-J-32TEM

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

None.

I hereby certify that on September 3, 2010, a true and correct copy of the foregoing document and the notice of electronic filing was sent by  to the following non-CM/ECF participant:

    Tony Henderson
    6195 Oakdale Lane
    MacClenny, Florida 32063

                                                      *s/ Russell C. Stoddard*
                                                      RUSSELL C. STODDARD
                                                      Assistant United States Attorney