**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                            CASE NO. 3:06-cr-211-J-32TEM

TONY HENDERSON

## O R D E R

Defendant Tony Henderson (hereinafter referred to as "Petitioner") has filed a Motion to Return/Disposition of Property (Doc. #155), and the United States has responded in opposition (Doc. #159). The property in issue consists of nineteen (19) firearms that were turned over to the Federal Bureau of Investigation (FBI) by the Petitioner shortly after his arrest in the case.

Subsequent to his arrest, the Petitioner pled guilty to one felony count of distribution of marijuana, the amount less than 50 kilograms (Docs. #128, #129). On April 21, 2008, Petitioner was given a sentence of six months imprisonment, which he served, followed by a period of supervised release of 24 months (Doc. #146). The supervised release term was subsequently shortened to terminate on June 11, 2010 (Doc. #154).

A month after the period of supervised release was concluded, Petitioner filed the instant motion concerning the firearms, which were not mentioned in the criminal indictment, nor forfeited in the criminal case.

Petitioner states in his motion that he transferred his "non-possessory" interest in the firearms to a Robert Rosier on February 4, 2009, and that Mr. Rosier had filed a claim for the firearms which the FBI denied. In the records attached to Petitioner's motion, there is a letter from the FBI to Petitioner denying a claim Petitioner filed on January 3, 2010 (Doc.

#155, Exh. 2). That letter states Petitioner could request reconsideration of the denial on "evidence recently developed or not previously considered" with ten (10) days after his receipt of the denial (citing Title 41 C.F.R. §128-48.502(e)). In the instant motion, Petitioner states he filed an appeal of the denial with the FBI on June 3, 2010, and no decision has been made.

One of the major principles of administrative law is that courts will decline to rule on a matter pending before an administrative agency until that agency has completed its final action. *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). To decide whether an issue is ripe for judicial review, courts will examine both the fitness of the issue for judicial decision and the hardship on the parties if a court withholds consideration. *Id.; Ouchita Watch League v. Jacobs*, 463 F.3d 1163, 1174 (11th Cir. 2006).

There are two purposes for this principle. First, it ensures a plaintiff challenging government action either has sustained, or is in "immediate danger of sustaining a direct injury..." (as opposed to speculating). *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale,* 922 F.2d 756, 760 (11th Cir. 1991); *National Advertising Co. v. City of Miami,* 402 F.3d 1335, 1339 (11th Cir. 2005). Second, it protects other branches of the government from judicial meddling and permits them proper time and deference to consider the matter fully. *National Advertising Co., supra,* at 1339.

In this case, Petitioner has exercised his right to appeal to the agency for reconsideration. The agency considered the initial claim within a matter of months, and the Court has no reason to believe it will take undue time in considering the appeal.

The Petitioner has presented no indication of hardship in his motion. He has been without the firearms for four years. There is no indication Plaintiff's right to possession the

2

weapons has been restored by either federal or state procedure. The value of the firearms, should he be able to receive that value, apparently is less than $10,000 (Doc. #155, Exh. 2).

Should the agency allow Petitioner the value of the firearms, the motion to the Court would become moot. Should the agency deny his appeal for reconsideration, there would be final agency action.

Thus, the Court will withhold action on the motion at this time. The parties shall provide the Court a copy of the final agency action once they receive it. Once the United States receives the final decision of the agency, it shall ensure that the firearms are not sold or destroyed until the Court has issued its Order in the matter.

**DONE AND ORDERED** in Jacksonville, Florida, this 17th day of September, 2010

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
Asst. U.S. Attorney (Stoddard)
Tony Henderson, *pro se*