UNITED STATES OF AMERICA
DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES,

        Plaintiff,

v.                           CASE NO.   03:06-cr-211-J-32TEM

TONY HENDERSON,           JUDGE THOMAS E. MORRIS
                                           UNITED STATES MAGISTRATE
        Defendant.
_____/

## RENEWED MOTION TO RETURN/DISPOSITION OF PROPERTY

        The above defendant, Tony Henderson, pro se, files this Renewed Motion for the Return/Disposition of Property. This Motion seeks restoration of the non-possessory interest in property pursuant to United States v. Edward L. Brown and Elaine A. Brown, Case 1:06-cr-00071-SM, Document 318, April 9, 2010.

I am in receipt of the FBI response to my administrative request for the return of my property to a person entitled to legally possess firearms under state and federal law. The response was a denial based on my abandonment of property citing 41 CFR 128-48.502. The FBI failed to follow its own procedures relating to notifying me that the property was seized. 41 CFR 128-48.102-1(b).

1.     On June 7, 2006, I was arrested as a result of a complaint issued in the Middle District of Florida, Jacksonville Division, charging me with distributing marijuana in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

2.     On June 7, 2006, I appeared before Magistrate Judge Monte C. Richardson, where bond conditions were set. One of the conditions of bond required that I was "to surrender all law enforcement firearms and credentials to DEA or any other authorized federal agency."

3.     In addition to "law enforcement firearms", I also voluntarily surrendered 19 personal firearms to the Federal Bureau of Investigation for safekeeping and as a condition of bond and while charges were pending against me.

4.     On June 9, 2006, I was provided a property receipt Form FD-597 for the 19 firearms that were "received from" me and voluntarily turned over to the FBI. (Ex. 1)

5. On November 20, 2007, pursuant to a written plea agreement, I entered a guilty plea to distributing marijuana in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D).

6. On April 21, 2008, I was given a sentence of six months imprisonment, which was served, followed by a period of supervised release of 24 months. The supervised release term was subsequently shortened to terminate on June 11, 2010.

7. Beginning November, 2008, I contacted FBI via telephone and inquired about what procedures I would have to do in order to transfer possession and ownership of the property that they had "received from" me on June 9, 2006. I was told to submit a written letter explaining the details of the case along with a "bill of sale" and contact information of the person whom I wished the property to go to.

8. On February 4, 2009, I contacted Mr. Robert Rosier concerning transferring my "non-possessory" interest in the firearms. On February 4, 2009, Robert Rosier agreed to would take possession and ownership of all firearms. A "Bill of Sale" was signed and submitted to the FBI by Mr. Rosier and myself. Mr. Rosier contacted the FBI who advised they would contact him about taking possession.

9. On December 14, 2009, I contact the FBI considering making arrangement with Mr. Rosier in order to complete the process. I was told by Agent Eubanks that the FBI was aware of my request and they trying to work with the U.S. Attorney's Office regarding the situation and they would be contacting me.

10. By letter from the FBI dated December 16, 2009, I was advised that the FBI seized my property on June 9, 2006. I was advised that I would have thirty days from the date postmarked on the letter to claim the property. If the property is not claimed by this date, title to the property will vest in the United States in accordance with Title 41, C.F.R, Section 128-48.102-1.

11. Although the notice of seizure was received three years six months and seven days after the property was "received from" me, I was not convicted until after a plea agreement on November 30, 2007 and sentenced on April 21, 2008. Mr. Rosier and I filed a claim on December 28, 2009 to FBI Agent Janet Pellicciotti. The written claim included a statement of facts and circumstances justifying granting the claim. Additionally, the claim was supported by documentary evidence establishing valid, good faith interest in the property.

12. On January 5, 2010, I received a letter from FBI Chief Division Counsel stating that they were conducting an investigation into the merits of my claim.

13. On May, 21, 2010, I received a letter from FBI Property Management Officer stating that the claim I filed on January 4, 2010 was reviewed and is hereby denied. They stated that since I did not have the authority to legally possess firearms, I cannot delegate the authority to any other person. Consequently, my claim for the release of the firearms to Robert Rosier is denied, as I have failed to establish a valid, good faith interest in the property as required by 41 C.F.R. Section 128-48.503.

14. On June 3, 2010, I contacted FBI Forfeiture & Seized Property Unit via USPS requesting a reconsideration.

15. On January 26, 2011, I received a letter from FBI Property Management Officer stating that my request for reconsideration is denied pursuant to Title 41, C.F.R. Section 128-48.502.

16. My conviction was unrelated to the surrendered firearms. The firearms were voluntarily turned over to the FBI for safekeeping and as a condition of bond. The firearms are no longer held as a condition of bond. I was never advised that by voluntarily turning them over would render them "seized or abandoned."

17. The firearms were never found to be involved in any criminal activity, nor were ever determined to have been purchased from proceeds from criminal activity. The firearms at issue do not constitute contraband and are not subject to forfeiture.

18. I still hold legal title to the property at issue because the transfer of title cannot be completed by Mr. Rosier, and I acquired title before the government alleged any criminal activity.

18. The firearms were never seized, forfeited, abandoned or considered unclaimed personal property. I inquired about the firearms on November, 2008, prior to receiving notice of seizure on December 16, 2009, that the firearms were seized on June 9, 2006.

19. I was not given notice within 30 days of June 9, 2006 that the firearms were considered seized and offered a right to file a claim or transfer ownership.

20. No notice of seizure was ever provided citing any statute under which such firearms were to be seized.

21. The firearms were not party of any indictment, nor were they ever forfeited in this criminal case. There was no forfeiture provision or plea agreement where I agreed to forfeit any assets.

22. The firearms were not involved as part of any search and seizure.

It is recognized that there is a split in the circuits over whether it is possible for the Government to retain possession of a firearm following a criminal conviction without initiating formal forfeiture proceedings. However, several circuits hold that if a forfeiture is barred by failure to commence action within an appropriate timeframe, and the owner stands as a convicted felon, the owner continues to have a property interest in the firearms which must be accommodated by the sale, transfer or storage of the firearms in spite of his own possessor rights having been curtailed. U.S. v. Miller, 588 F.3d 418 (7th Cir. 2009); Watts v. U.S., 2002 WL 999320 (N.D. Tex 2002).

Directly on point is the more recent case, U.S. v. Brown, In Re: Claim of Bernhard Bastian, Jr., Case 1:06-cr-00071-SM Document 318, April 9, 2010, see also U.S. v. 627 Firearms, 589 F. Supp. 2d 1129, 1140 (S.D. Iowa 2008) where the facts are virtually identical to the facts in this case. In Brown, the Judge issued an order stating, "The weapons surrendered by defendant, as a bail condition are no longer held as a condition of bail (defendant violated bail and has been convicted and sentenced). They may be transferred by defendant to anyone who may legally possess them". Moreover, the disposition of property held as a condition of bail is a matter falling well within the court's jurisdiction.

The court rejected "the proposition that firearms lawfully owned must, following the owner's unrelated felony conviction, sit wherever they may be, unalienable and wasting, not subject to forfeiture, not subject to confiscation as contraband and not subject to disposition by the owner, or by anyone else, or by the court for the owner's benefit." The court further rejected "that such property is subject to government confiscation and destruction in the absence of due process or payment of just compensation." The remedy fashioned by the Brown court, the judge exercised equitable powers and ordered the transfer of title to firearms lawfully owned, but later convicted of a felony (which were not subject to forfeiture or confiscation as contraband) for the felon-owner's benefit. U.S v. Approximately 627 Firearms, 589 F. Supp. 2d 1129, 1140 (S.D. Iowa 2008).

Courts have fashioned solutions that preclude convicted felons from unilaterally dictating or directing disposition of their lawfully owned firearms while avoiding the serious constitutional issues under the *Takings Clause* while protecting the felon-owner's legitimate property interests.

Wherefore, I respectfully request that my spouse, Linda Henderson, be given possession, title and control of the firearms collection for the benefit of our adult children and heirs. In the alternative, I respectfully request that this court order Mr. Robert Rosier ownership, title and possession as a person who is lawfully entitled to own the subject firearms collection, and direct that payment for the firearms be awarded to me as the lawful non-possessory owner.

Dated: February 02, 2011

                                                     Respectfully submitted,

                                                     Tony Henderson, Pro Se
                                                     6195 Oakdale Lane
                                                     MacClenny, FL  32063
                                                     Phone: 904-259-1436
                                                               904-233-3613

CERTIFICATE OF SERVICE

A copy of this Motion was served on the following persons on February 02, 2011 by regular U.S. Mail:

U.S. Magistrate Honorable Monte C. Richardson
U.S. District Court
Middle District of Florida
300 N. Hogan Street
Jacksonville, FL 32202

U.S. District Court
Clerk of the Court
Middle District of Florida
300 N. Hogan Street
Jacksonville, FL 32202

Russell Stoddard
Assistant U.S. Attorney
300 N. Hogan Street, Ste. 700
Jacksonville, FL 32202

_____
Tony Henderson

**UNITED STATES DEPARTMENT OF ... ICE**
**FEDERAL BUREAU OF INVESTIGATION**
Receipt for Property Received/Returned/Released/Seized

On (date) 6/9/06

Page 1 of 2

Item(s) listed below were:
☒ Received From
☐ Returned To
☐ Released To
☐ Seized

(Name) Tony Henderson
(Street Address) 6195 Oakdale Ln
(City) Macclenny, FL 32063-5509

Description of Item(s):

1. Ruger Special 101 Serial # 571-46662 5 shot Revolver
2. Jennys Firearms .22 (J-22) & Magazine - Serial # 187827
3. Smith & Wesson .357 magnum Serial # 72954
4. Foremost Model 40 -12 gauge Shotgun Serial # 3078449
5. Champion - 16 gauge rifle - Serial # 62850XH
6. Iver Johnson Slide Action 22 w/Bushnell scope Serial # 003561
7. Smith & Wesson - Border Patrol .357 Magnum Serial # USBP 1243 & case
8. Chipmunk .22 Bolt Action - Serial # 62724
9. M1 Grand Rifle (WWII) - Serial # 05432
10. Powermaster Crossbow - no serial #
11. Little Pa 410 - Rifle - Serial #

Received by: (Signature)    9p 6/9/06    Received from: (Signature)

TOTAL P.03

(Exhibit 1)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

Page 2 of 2

On (date) 6/9/06

Item(s) listed below were:
☒ Received From
☐ Returned To
☐ Released To
☐ Seized

(Name) Tony Henderson
(Street Address) 6195 Oakdale Ln.
(City) Macclenny, FL 32063-5509

Description of item(s):

11) M1 (Chatham) - serial # 10667
12) Remington 550 .22LR Semi-Auto Serial # 550-L
13) Mosburg Model 152K .22 long Rifle - Serial # ? + magazine
14) M1 Grand . Ref # H499 + Magazine
15) Black Powder - wall Hanger - Rushca # 83-126855
16) Greenfield - Model 60 .22 - Serial # 24275308 + Scope
17) Rossi Inter Arms .22 # 16023232
18) Keltec .40 cal - serial # 06581 + magazine
19) 3 M4 magazines

Received by: ___Pat Pull___ (Signature)      Received from: ___Tony Henderson___