UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES,

v.                           CASE NO.    03:06-CR-211-J-32TEM

TONY HENDERSON,

_____/

## OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION RELATED TO MOTION FOR RETURN/DISPOSITION OF PROPERTY

The above Petitioner, Tony Henderson, appearing *pro se*, files Objections in accordance with 28 U.S.C. § 636, Rule 59, Federal Rules of Criminal Procedure and Rule 6.02, Local Rules, U.S. District Court, Middle District of Florida, to the Magistrate's Report and Recommendation filed May 27, 2011.

Petitioner had filed a Motion for the Return/Disposition of Property seeking restoration of the non-possessory interest in property pursuant to U.S. v. Edward L. Brown and Elaine A. Brown, 754 F.Supp.2d 311 (D.N.H. 2010). The Magistrate held a hearing and accepted exhibits and testimony at a hearing on May 16, 2011. The facts as outlined at paragraphs 1 through 16 are incorporated by reference herein.

The Magistrate and government relied on the Eleventh Circuit authority in U.S. v. Howell, 425 F.3d 971 (11th Cir. 2005). However, that analysis is not factually similar to this case. Howell's firearms were "seized" during a consent search of his residence. Subsequently, Howell sought return of the "seized" property. Howell, was apparently on

1

notice that the property was seized and had to the potential to be forfeited based on that seizure.

In this case it is undisputed that the government did not "seize" the firearms at issue. See Magistrate footnote 6 at page 7 of the decision. Petitioner, Henderson, voluntarily surrendered the firearms at the request of the court. A property receipt for possession of the firearms was provided to the Petitioner. At no time did the government provide the Petitioner with notice of any kind, prior to his conviction, that his rights to transfer or dispose of his property could be affected by any plea agreement. Yet the government now alleges that the firearms could have been transferred, sold or otherwise disposed of by Petitioner prior to his plea agreement and conviction. The Petitioner would have had to be clairvoyant to know that he had any such option during the pendency of the criminal matter while his property was held for safekeeping. Petitioner believed the property was surrendered in order to prevent any attempts at suicide rather than the government attempting to divest him of property interests that it could not legally seize. The Petitioner's bond was secured by financial interests which obligation was released upon his continued appearance in court. Petitioner had no way to know, and was never put on notice, that his failure to exercise his interest in the property by sale or transfer of interest to another would result in extinguishing his rights altogether. Sale or transfer of interest in property that has collectible or other subjective value, based on the condition and accessibility to the property, was impossible under the circumstances. If sale or transfer of property being held under a term of a bond was an option, the Petitioner was certainly not on notice of the jeopardy his property interest faced when

complying with a request of a court. Generally, one cannot pass good title to property that is securing a bond or the bond would be meaningless.

The government seeks to also divest Petitioner's spouse of her interest in property, purchased with marital assets during the course of their 21 year marriage, without notice to her, is also contrary to concepts of equity and *notice*. *No notice* was ever sent, or published, seeking to find out who, if anyone else, had an interest in the property. At Petitioner's first request for the return of property, he sought to transfer the property to his spouse. Petitioner later sought to sell the property so that the government could not argue that transfer of the interest in the property to a spouse was illusory and actually constructive possession by Petitioner, who was now a convicted felon. There is no argument that Petitioner cannot legally possess the firearms at issue. However, Petitioner's wife is not barred from her own financial interest in the property, whether by possession or by financial interest.

The facts in U.S. v. Brown, In Re: Claim of Bernhard Bastian, Jr., 754 F. Supp.2d 311 (D.N.H. 2010), see also U.S. v. 627 Firearms, 589 F. Supp. 2d 1129, 1140 (S.D. Iowa 2008), are virtually identical to the facts in this case. In Brown, the court rejected "the proposition that firearms lawfully owned must, following the owner's unrelated felony conviction, sit wherever they may be, unalienable and wasting, not subject to forfeiture, not subject to confiscation as contraband, and not subject to disposition by the owner, or by anyone else, or by the court for the owner's benefit." The court further rejected "that such property is subject to government confiscation and destruction in the absence of due process or payment of just compensation." The remedy fashioned by the Brown court, the judge exercised equitable powers and ordered the transfer of title to

firearms lawfully owned, but later convicted of a felony (which were not subject to forfeiture or confiscation as contraband) for the felon-owner's benefit as outlined in 627 Firearms. Brown is a 2010 decision recognizing the owner's rights to an interest in property that was not seized and not contraband.

Petitioner recognizes there is a split in the circuits as to the court's ability grant equitable relief. However, in this case, the facts are not similar to Howell, but are rather comparable to the later decided case of Brown. Howell argues that the defendant comes with "unclean hands," while in this case the government is also arguable flawed for failing to give notice of its attempts to seize property used to secure a bond. While the marital property rights of the petitioner's spouse are not discussed in either case, when the property is not contraband, or used in any criminal activity and surrendered seemingly to protect against any potential for suicide of an individual facing criminal charges, the rights of the spouse must be given consideration.

The government relies on § 922(g) as the reason that Petitioner cannot constructively possess or exercise dominion and control of his firearms collection in spite of the fact that there is no basis for seizure and clearly no abandonment. There is no case law that holds that mere continuing ownership of firearms following a felony conviction, without more, amounts to constructive possession of firearms. Yet when the Petitioner attempts to divest himself of that ownership, whether through allowing title to pass to his spouse to transfer of title to another under terms of a sale that will be determined upon fair evaluation of the condition and subjective value to the buyer of the firearms, the government claims the divesting of that ownership amounts to a violation of § 922(g). This stretches the concept of "constructive possession," as the term is used in the criminal

statute prohibiting possession by felons much too far, essentially equating criminal constructive possession with even the most minimal exercise of an indicia of ownership - transferring legal title (and, ironically, thereby divesting title to personal property that the owner may not lawfully possess). No precedent cited by the government holds that mere continuing ownership of firearms following a felony conviction, without more, amounts to constructive possession. Prosecution of a person not in possession of firearms but only seeking to divest ownership of firearms has never been tested.

Relief pursuant to 41(g) is meant to provide equitable relief. Many courts have fashioned solutions that preclude convicted felons from unilaterally dictating or directing disposition of their lawfully owned firearms while avoiding the serious constitutional issues under the *Takings Clause* while protecting the felon-owner's legitimate property interests. This case begs the question of whether equity dictates that Petitioner's spouse be denied her interest in the property of the Petitioner is denied the value of the property which was never seized, abandoned or considered contraband but was merely voluntarily surrendered temporarily during the pendency of bond conditions. If the Court wishes to impose such terms of bond in the future, equity dictates that the government must provide notice that the Defendant/Petitioner has the option of transferring title prior to any final resolution of a criminal matter. The burden on the government to provide such notice at the time bond conditions are set are minimal at best, compared to the potential loss without cause to the person facing criminal prosecution. When asked "would a reasonable person in such circumstances be on notice," the answer must be "No." The Court had an opportunity to provide such notice at the time terms of a bond are set and

the government had such opportunity as well. Regulatory guidelines under CAFRA were not followed either which would have put the Petitioner on notice.

Under the circumstances, the government should be barred by the doctrine of *laches* from now asserting it gave adequate notice. The firearms were voluntarily surrendered in June 2006 but the first notice that the FBI *considered the* firearms were "seized" was by letter dated December 16, 2009, after numerous attempts by the Petitioner to determine how to transfer the firearms to his spouse or a designated purchaser, two and one-half (2 ½) years later. The FBI did not provide a final decision regarding his request until January 26, 2011, five and one-half (5 1/2) years later. This fails all tests of reasonableness or any statute of limitations, such a CAFRA notice. The lack of notice is a violation of due process which has now prejudiced the Petitioner.

Because these facts are in fact more similar to those in Brown, rather than Howell, Petitioner requests this District Court to review the Magistrate's Report and Recommendation and grant the request that Petitioner's spouse, Linda Henderson, be given possession and control of the firearms collection to dispose of in any legal manner she chooses, or that this court order that a person lawfully entitled to own the subject firearms collection be awarded possession and control and direct that payment for the firearms be awarded to Petitioner and/or Linda Henderson after fair value can be determined.

Dated: June 06, 2011

                                    Respectfully submitted,

                                    Tony Henderson, Pro Se
                                    6195 Oakdale Lane
                                    MacClenny, FL 32063
                                    Phone: 904-259-1436
                                                904-233-3613

## CERTIFICATE OF SERVICE

A copy of this Motion was served on the following persons on June 06, 2011 by regular US. Mail:

U.S. Honorable Timothy J. Corrigan
U.S. District Court
Middle District of Florida
300 N. Hogan Street
Jacksonville, FL 32202

U.S. Magistrate Honorable Thomas E. Morris
U.S. District Court
Middle District of Florida
300 N. Hogan Street
Jacksonville, FL 32202

U.S. District Court
Clerk of the Court
Middle District of Florida
300 N. Hogan Street
Jacksonville, FL 32202

Russell Stoddard
Assistant U.S. Attorney
300 N. Hogan Street, Ste. 700
Jacksonville, FL 32202

Tony Henderson