[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14628
Non-Argument Calendar
_____

D.C. Docket No. 3:06-cr-00211-TJC-TEM-1

UNITED STATES OF AMERICA,

                                                                       Plaintiff-Appellee,

versus

TONY HENDERSON,
a.k.a. Hollywood,

                                                                      Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 28, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Tony Henderson, a former federal prisoner and current convicted felon, appeals from the district court's denial of his motion for return of property,

namely, nineteen firearms that he voluntarily surrendered to the United States. After review of the parties' briefs and the record, we affirm.

Mr. Henderson, who was once a United States Border Patrol Agent, was charged with, among other crimes, the distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1). On June 9, 2006, two days after he was arrested, Mr. Henderson voluntarily surrendered nineteen firearms to the Federal Bureau of Investigation. Though Mr. Henderson's conditions of bond required him to surrender "law enforcement firearms and credentials," D.E. 8 at 2, Mr. Henderson maintained that he surrendered the nineteen personal firearms to the FBI for "safekeeping as a condition of the bond" because "the judge felt that [he] was a suicide risk." D.E. 182 at 11. Mr. Henderson eventually pled guilty to the narcotics charge, and he became a convicted felon upon his adjudication of guilt on December 6, 2007.

The FBI refused to return the firearms after Mr. Henderson proposed to transfer them to a purported buyer in 2008, and another in 2009. Mr. Henderson moved the district court under Fed. R. Crim. P. 41(g) to allow him to transfer ownership to the 2009 buyer or to his wife. The magistrate judge, relying on 18 U.S.C. § 922(g) and our decision in *United States v. Howell*, 425 F.3d 971 (11th Cir. 2005), recommended denial of the motion because Mr. Henderson was a

convicted felon. The district court adopted the recommendation, and denied Mr. Henderson's Rule 41 motion. This appeal followed.

In *Howell*, we affirmed the denial of a convicted felon's Rule 41 motion for return of firearms because § 922(g) made the felon unable to possess the firearms (actually or constructively) lawfully. *See* 425 F.3d at 976-77 (citing *United States v. Felici*, 208 F.3d 667, 670 (8th Cir. 2000)).

We review questions of law dealing with the district court's denial of a Rule 41(g) motion *de novo*, and we review findings of fact for clear error. *See Howell*, 425 F.3d at 973. A Rule 41(g) movant must show a possessory interest in the property held by the government, and because a Rule 41(g) motion is one in equity, courts will weigh "all equitable considerations in order to make a fair and just decision." *Id*. As a result, a Rule 41(g) movant must come to the court with clean hands. *See id.*

On appeal, Mr. Henderson raises the same arguments he presented to the district court.[1] He argues that the FBI's failure to provide him, and his wife and family, with any notice of his disqualification of firearm ownership as a felon prior to his adjudication of guilt affords him relief legally and equitably. Mr. Henderson

---

[1] Mr. Henderson also argues, for the first time on appeal, that several of the nineteen firearms are not covered by 18 U.S.C. § 922(g). We do not address this argument because he did not present it below. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys. . . . But, issues not raised below are normally deemed waived.") (citations omitted).

argues that *Howell* does not apply because in that case the government provided the defendant with notice of seizure by including the word "seized" on the defendant's property receipt.  Mr. Henderson invites us instead to rely on cases from other circuit and district courts which afforded defendants relief under circumstances he argues are similar to his. *See* Appellant's Br. at 10-11 (citing *Cooper v. Greenwood*, 904 F.2d 302 (5th Cir. 1990); *United States v. Miller*, 588 F.3d 418 (7th Cir. 2009); *United States v. Zaleski*, 686 F.3d 90 (2d Cir. 2012); *United States v. Brown*, 754 F. Supp. 2d 311 (D.N.H. 2010)).

We decline this invitation because, like the district court, we find that our decision in *Howell* controls.  We denied Rule 41 relief in *Howell* because of the concern with courts violating 18 U.S.C. § 922(g) by delivering actual or constructive possession of firearms to a convicted felon.  The method in which the government obtained the firearms was immaterial.  *See Howell*, 425 F.3d at 976-977.  The fact that the government acquired Mr. Henderson's firearms because of a voluntary surrender pursuant to a judge's concern for his safety does not alleviate the concern that by granting Mr. Henderson actual or constructive possession of a firearm, a court would violate § 922(g).  *See id.* at 976 ("Requiring a court to return firearms to a convicted felon would not only be in violation of federal law, but would be contrary to the public policy behind the law.").  Similarly, we see no reason to hold in this case that the FBI was required to provide notice to Mr.

Henderson about § 922(g), as Mr. Henderson acknowledged in his plea agreement that as a felon he would be deprived of the right to possess firearms. *See* D.E. 128 at 8.

Further, Mr. Henderson's equitable argument rings hollow. We held in *Howell* that a defendant convicted of a drug offense had unclean hands to demand return of his firearms even though, as with Mr. Henderson, that defendant did not use those firearms in furtherance of his offense. *See Howell*, 425 F.3d at 974.

In sum, because Mr. Henderson cannot possess firearms as a convicted felon, and because he seeks equitable relief with unclean hands, we affirm the denial of his Rule 41(g) motion.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 28, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 12-14628-CC
Case Style: USA v. Tony Henderson
District Court Docket No: 3:06-cr-00211-TJC-TEM-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion